| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter  **11** |
| ☐ Check if this an amended filing |

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | **Debtor's name** | **MRRC Hold Co.** | |
|---|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | Rubio's Coastal Grill <br> Rubio's Fresh Mexican Grill <br> Rubio's | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **27-2521242** | |
| 4. | **Debtor's address** | **Principal place of business** <br><br> **2200 Faraday Avenue, Suite 250** <br> **Carlsbad, CA 92008** <br> Number, Street, City, State & ZIP Code <br><br> **San Diego** <br> County | **Mailing address, if different from principal place of business** <br><br> _____ <br> Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | **www.rubios.com** | |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

Debtor  **MRRC Hold Co.**  Case number (*if known*) _____
      Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
**7225**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☒ A plan is being filed with this petition.
  - ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☒ No
- ☐ Yes

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

- ☐ No
- ☒ Yes

Debtor **SEE "ATTACHMENT 1 TO VOLUNTARY PETITION"**   Relationship _____
District _____ When _____ Case number, if known _____

Debtor  **MRRC Hold Co.**  Case number (*if known*) _____
      Name

**11. Why is the case filed in *this district*?**   *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
      Contact name _____
      Phone _____

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors** (on a consolidated basis)

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☒ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets** (on a consolidated basis)

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☒ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities** (book value; on a consolidated basis)

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor __MRRC Hold Co._____ Case number (*if known*) _____
        Name

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __10/26/2020__
             MM / DD / YYYY

X  /s/ Melissa S. Kibler_____     **Melissa Kibler**
   Signature of authorized representative of debtor     Printed name

Title  **Chief Restructuring Officer**

**18. Signature of attorney**

X  **/s/ Ryan M. Bartley**_____    Date __10/26/2020__
   Signature of attorney for debtor                        MM / DD / YYYY

**Ryan M. Bartley**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 North King Street, Wilmington, Delaware 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 571-6600**     Email address  **rbartley@ycst.com**

**4985 (Delaware)**
Bar number and State

X  **/s/ Gregg M. Galardi**_____    Date __10/26/2020__
   Signature of attorney for debtor                        MM / DD / YYYY

**Gregg M. Galardi**
Printed name

**Ropes & Gray LLP**
Firm name

**1211 Avenue of the Americas, New York, NY 10036**
Number, Street, City, State & ZIP Code

Contact phone  **(212) 596-9000**     Email address  **gregg.galardi@ropesgray.com**

**2991 (Delaware)**
Bar number and State

# ATTACHMENT 1 TO VOLUNTARY PETITION

Pending Bankruptcy Cases Filed by Affiliated Entities

On the date hereof, each of the affiliates listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), will file or have filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532. Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

**The Debtors are the following entities (along with their federal tax identification numbers):**

1. MRRC Hold Co. (27-2521242)

2. Rubio's Restaurants, Inc. (33-0100303)

3. Rubio's Restaurants of Nevada, Inc. (88-0377609)

4. Rubio's Incentives, LLC (26-4449359)

**Fill in this information to identify the case:**

Debtor name   **MRRC Hold Co.**

United States Bankruptcy Court for the:   District of Delaware

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
☐ Schedule H: Codebtors (Official Form 206H)
☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
☐ Amended Schedule _____
☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
☒ Other document that requires a declaration   **Combined Corporate Ownership Statement and List of Equity Interest Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **10/26/2020**        X   *Melissa S. Kibler* (signature)
                                          Signature of individual signing on behalf of debtor

**Melissa Kibler**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

Debtor name: Rubio's Restaurants, Inc.
United States Bankruptcy Court for the: District of Delaware (State)
Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, partially secured | Deduction value of collateral or setoff | Unsecured claim |
| 1 | **SUNWEST BANK**<br>500 N. Brand Blvd<br>Suite 1750<br>Glendale, CA 91203 | Attn: Robert Engle<br>P: 818-697-7010<br>F: 562-895-5000<br>rengle@sunwestbank.com | PPP Loan | Contingent | | | $10,000,000.00 |
| 2 | **SOUTHWEST TRADERS INCORPORATION**<br>27565 Diaz Road<br>Temecula, CA 92590 | Attn: Terence Walsh & Kenny Smith<br>P: 951-676-2559<br>terancew@southwesttraders.com;<br>kennys@southwesttraders.com | Trade | | | | $3,242,373.59 |
| 3 | **INTERNAL REVENUE SERVICE**<br>2970 Market St<br>Philadelphia, PA 19104 | Centralized Insolvency Operation<br>P: 215-222-8200<br>F: 855-235-6787 | CARES Act - Payroll Tax Deferral | | | | $2,475,755.88 |
| 4 | **STATE OF CALIFORNIA**<br>450 N Street, Mic 121<br>Sacramento, CA 94279-0121 | State Board of Equalization<br>P: 800-807-6755<br>StateInfo@state.ca.gov | Sales Tax | | | | $1,446,516.38 |
| 5 | **AZ DEPARTMENT OF REVENUE**<br>1600 West Monroe Street<br>Phoenix, AZ 85007 | Attn: Robert Ryan<br>P: 602-716-7070<br>F: 602-542-2072<br>VDA@azdor.gov | Sales Tax | | | | $222,625.67 |
| 6 | **ORANGE CITY MILLS L.P.**<br>Attn: Trey Peckenpaugh<br>399 Park Avenue, 29th Floor<br>New York, NY 10022 | c/o Simon Property Group, Inc.<br>P: 212-746-9612; 317-636-1600<br>trey.peckenpaugh@simon.com | Rent | | | | $183,945.44 |
| 7 | **SAN DIEGO GAS & ELECTRIC**<br>8326 Century Park Court<br>San Diego, CA 92123 | Attn: A.J. Moreno<br>P: 619-654-8720<br>F: 858-654-1256 | Utilities | | | | $170,538.42 |
| 8 | **SHOPS AT MISSION VIEJO, LLC**<br>Attn: Trey Peckenpaugh; Dan Seabaugh<br>399 Park Avenue, 29th Floor<br>New York, NY 10022 | c/o Simon Property Group, Inc.<br>P: 212-746-9612; 317-636-1600<br>trey.peckenpaugh@simon.com;<br>dseabaugh@simon.com | Rent | | | | $161,479.64 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    page 1

| Debtor | Rubio's Restaurants, Inc. | Case number (*if known*)_____ |
|---|---|---|
| | Name | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral | Unsecured claim |
| 9 | **COLE MT SAN JOSE CA, LP**<br>2398 E. Camelbak Road, 4th Floor<br>Phoenix, AZ 85016 | Attn: Brian McGlynn<br>P: 602-778-8700; 323-860-4900<br>dbenavente@arcpreit.com | Rent | | | | $137,882.65 |
| 10 | **SIMON PROPERTY GROUP LP**<br>Attn: Trey Peckenpaugh<br>399 Park Avenue, 29th Floor<br>New York, NY 10022 | c/o Simon Property Group, Inc.<br>P: 212-746-9612; 317-636-1600<br>trey.peckenpaugh@simon.com | Rent | | | | $137,028.16 |
| 11 | **CAPREF PASEO LLC**<br>Attn: Deana Doetzl<br>300 E Colorado Blvd<br>Suite 213<br>Pasadena, CA 91101-2269 | c/o The Paseo<br>P: 626-795-8891<br>deana.doetzl@thepaseopasadena.com | Rent | | | | $134,324.78 |
| 12 | **BROKAW VENTURES II LLC**<br>Attn: David B Dollinger; Tia Fisher<br>555 Twin Dolphin Drive<br>Suite 600<br>Redwood City, CA 94065 | c/o Dollinger Properties<br>P: 650-508-8666; 408-660-7680<br>tia@dollingerproperties.com | Rent | | | | $132,856.99 |
| 13 | **FREEHOLD CHANDLER TRUST LLC**<br>Attn: Brea Williams<br>Chandler Fashion Center<br>401 Wilshire Blvd., Suite 700<br>Santa Monica, CA 90401 | c/o The Macerich Company<br>P: 602-953-6200; 310-394-6000<br>breanna.williams@macerich.com | Rent | | | | $130,836.23 |
| 14 | **FASHION VALLEY MALL LLC**<br>Attn: Trey Peckenpaugh<br>399 Park Avenue, 29th Floor<br>New York, NY 10022 | c/o Simon Property Group, Inc.<br>P: 212-746-9612; 317-636-1600<br>trey.peckenpaugh@simon.com | Rent | | | | $126,599.40 |
| 15 | **RELIABLE INVESTMENT COMPANY, LLP**<br>1528 Wazee St<br>Denver, CO 80202 | c/o C21 LLP<br>P: 303-623-0200<br>F: 303-454-5401<br>doug@antonoff.com | Rent | | | | $125,580.40 |
| 16 | **HART PACIFIC COMMONS LLC**<br>Attn: Jennifer Duarte<br>21 E Victoria St<br>Santa Barbara, CA 93101 | c/o Nassau Land Company II, LP<br>P: 510-770-9798<br>jduarte@vestar.com | Rent | | | | $123,076.94 |
| 17 | **FLATIRON PROPERTY HOLDING, LLC**<br>Attn: Kim Campbell<br>401 Wilshire Blvd., Suite 401<br>Santa Monica, CA 90401 | c/o The Macerich Company<br>P: 310-394-6000; 720-887-9900<br>kim.campbell@macerich.com | Rent | | | | $120,944.57 |
| 18 | **SOUTHERN CALIFORNIA EDISON**<br>2244 Walnut Grove Avenue<br>PO Box 800<br>Rosemead, CA 91770 | Attn; Julia A. Mosel, Esq.<br>P: 626-302-6789<br>julia.mosel@sce.com | Utilities | | | | $116,890.89 |
| 19 | **UTC VENTURE LLC**<br>Attn: Lin Corbin<br>11601 Wilshire Blvd.<br>Los Angeles, CA 90025 | c/o Westfield Corporation<br>P: 858-546-8858; 858-453-2930<br>lcorbin@us.westfield.com | Rent | | | | $115,464.36 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral | Unsecured claim |
| 20 | **ROSEVILLE SHOPPINGTOWN, LLC**<br>Attn: Jeff Richardson<br>1173 Galleria Blvd., Ste. P210-B<br>Roseville, CA 95678 | c/o Westfield Corporation<br>P: 310-478-4456; 916-787-2081<br>jeff.richardson@urw.com | Rent | | | | $111,489.70 |
| 21 | **US FOODS CULINARY EQUIPMENT & SUPPLIES LLC**<br>5353 Nathan Ln N<br>Plymouth, MN 55442 | Attn: John Friede<br>P: 800-486-4636 Ext 2052; 847-720-8000<br>John.Friede@usfoods.com | Trade | | | | $111,362.30 |
| 22 | **US FOODSERVICE**<br>Department 01680<br>300 Lawrence Dr<br>Livermore, CA 94550 | Attn: Brad Fisher<br>P: 800-365-7238<br>brad.fisher@usfood.com | Trade | Disputed | | | $110,863.72 |
| 23 | **GRIFFIN PARTNERS III - 200 UNION, LP**<br>Attn: Colleen Prescott<br>1999 Broadway, Suite 3225<br>Denver, CO 80202 | c/o Jester Gibson & Moore, LLP<br>P: 303-377-7888<br>F: 303-377-7075<br>cprescott@jgllp.com | Rent | | | | $109,670.40 |
| 24 | **OLO**<br>c/o Mobo Systems, Inc.<br>26 Broadway, 24th Floor<br>New York, NY 10004 | Attn: Noah Glass<br>P: 212-260-0895<br>F: 212-656-1671<br>info@mobosystems.com | Trade | | | | $109,281.07 |
| 25 | **GGP LIMITED PARTNERSHIP**<br>Attn: Alan Clark<br>1114 Avenue of The Americas<br>Suite 2800<br>New York, NY 10036-7703 | c/o Brookfield Properties/Rouse Properties, LLC<br>P: 312-960-2739; 619-427-6701<br>F: 312-960-5064<br>alan.clark@brookfieldpropertiesretail.com | Rent | | | | $109,113.76 |
| 26 | **SAFEWAY INC**<br>Attn: Tara Emery<br>250 E Parkcenter Blvd<br>Boise, ID 83706 | c/o Albertsons Companies<br>P: 208-395-6200; 208-395-3871<br>F: 208-395-6349<br>tara.emery@albertsons.com | Rent | | | | $109,038.17 |
| 27 | **STAR-WEST PARKWAY MALL, LP**<br>Attn: Bob Dishler<br>2141 Rosecrans Avenue<br>Suite 6100<br>El Segundo, CA 90245 | c/o Jones Lang LaSalle IP, Inc.<br>P: 310-378-6281<br>robert.dishler@am.jll.com | Rent | | | | $105,471.17 |
| 28 | **HENRY J. MEYER**<br>Long Beach, CA 90803 | | Rent | | | | $103,015.51 |
| 29 | **ALMADEN RANCH LLC**<br>Attn: Cathy Consolino<br>5185 Cherry Ave, Suite 10<br>San Jose, CA 95118 | c/o Arcadia Companies<br>P: 408-982-8468; 408-961-8133<br>jrandolph@ngkf.com;<br>cathy.consolino@arcadiacompanies.com | Rent | | | | $102,902.81 |
| 30 | **ECOLAB, INC.**<br>1 Ecolab Place<br>St. Paul, MN 55102-2233 | Attn: Douglas M. Baker, Jr.<br>P: 800-352-5326<br>F: 651-225-3098<br>institutionalorders@ecolab.com | Trade | | | | $101,833.99 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RUBIO'S RESTAURANTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-_____(___)<br><br>(Joint Administration Requested) |

**COMBINED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY INTEREST HOLDERS**
**PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), and 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Rubio's Restaurants, Inc., a Delaware corporation, and its affiliates, who are each debtors and debtors in possession in the above-captioned cases (each a "Debtor"), hereby state as follows:

1. Debtor MRRC Hold Co. is owned by the following non-debtor entities:

| Entity | Ownership Interest[2] | |
|---|---|---|
| Daniel Pittard | Common Stock: | - |
| | Series A Preferred Stock: | 706.64 shares |
| | Series A-1 Preferred Stock: | - |
| Frank Henigman<br>2200 Faraday Avenue<br>Suite 250<br>Carlsbad, CA 92008 | Common Stock: | - |
| | Series A Preferred Stock: | 100.00 shares |
| | Series A-1 Preferred Stock: | - |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Rubio's Restaurants, Inc. (0303); MRRC Hold Co. (1242); Rubio's Restaurants of Nevada, Inc. (7609); and Rubio's Incentives, LLC (9359). The Debtors' mailing address is 2200 Faraday Avenue, Suite 250, Carlsbad, CA 92008.

[2] Ownership percentages have been rounded to the nearest hundredth.

26835681.2

| | | |
|---|---|---|
| GC SBIC IV, L.P.<br>200 Park Avenue, 25th Floor<br>New York, NY 10166 | Common Stock:<br>Series A Preferred Stock:<br>Series A-1 Preferred Stock: | -<br>1,988.84 shares<br>- |
| Golub Capital Partners Coinvestment Ltd.<br>200 Park Avenue, 25th Floor<br>New York, NY 10166 | Common Stock:<br>Series A Preferred Stock:<br>Series A-1 Preferred Stock: | -<br>3,081.75 shares<br>- |
| Kenneth Hull | Common Stock:<br>Series A Preferred Stock:<br>Series A-1 Preferred Stock: | 127.00 shares<br>63.14 shares<br>- |
| LEG Partners Debenture, L.P.<br>200 Park Avenue, 25th Floor<br>New York, NY 10166 | Common Stock:<br>Series A Preferred Stock:<br>Series A-1 Preferred Stock: | -<br>1,059.00 shares<br>- |
| Liz Drake | Common Stock:<br>Series A Preferred Stock:<br>Series A-1 Preferred Stock: | 380.00 shares<br>-<br>- |
| Marc Simon<br>2200 Faraday Avenue<br>Suite 250<br>Carlsbad, CA 92008 | Common Stock:<br>Series A Preferred Stock:<br>Series A-1 Preferred Stock: | -<br>300.00 shares<br>- |
| Mark Watkins | Common Stock:<br>Series A Preferred Stock:<br>Series A-1 Preferred Stock: | -<br>70.53 shares<br>- |
| Millennium Trust Company (Frank Henigman)<br>2200 Faraday Avenue<br>Suite 250<br>Carlsbad, CA 92008 | Common Stock:<br>Series A Preferred Stock:<br>Series A-1 Preferred Stock: | -<br>100.00 shares<br>32.00 shares |

| | | |
|---|---|---|
| Millennium Trust Company (Marc Simon) 2200 Faraday Avenue Suite 250 Carlsbad, CA 92008 | Common Stock: Series A Preferred Stock: Series A-1 Preferred Stock: | - 300.00 shares 96.00 shares |
| Mill Road Capital 382 Greenwich Ave Suite 1 Greenwich, CT 06830 | Common Stock: Series A Preferred Stock: Series A-1 Preferred Stock: | 1.00 share 95,842.10 shares 16,715.00 shares |
| Ralph Rubio 2200 Faraday Avenue Suite 250 Carlsbad, CA 92008 | Common Stock: Series A Preferred Stock: Series A-1 Preferred Stock: | - 2,105.27 shares - |
| United Insurance Company of America C/O Golub Capital Account One E Wacker Drive 9th Floor Chicago, IL 60601 | Common Stock: Series A Preferred Stock: Series A-1 Preferred Stock: | - 185.70 shares - |
| William Sheldon | Common Stock: Series A Preferred Stock: Series A-1 Preferred Stock: | 33.00 shares - - |
| | *Total shares of Common Stock:* *Total shares of Series A Preferred Stock:* *Total Shares of Series A-1 Preferred Stock:* | *541.00* *105,902.97* *16,843.00* |

2. Kenneth Hull and Liz Drake own more than 10% of the Common Stock of Debtor MRRC Hold Co. Mill Road Capital owns more than 10% of the Series A Preferred Stock and the Series A-1 Preferred Stock of Debtor MRRC Hold Co.

3. Debtor MRRC Hold Co. is the direct or indirect parent of each of the other Debtors.

4. The Debtor listed below is 100% owned by MRRC Hold Co.:

- Rubio's Restaurants, Inc.

26835681.2

5. The Debtors listed below are 100% owned by Rubio's Restaurants, Inc.:

- Rubio's Incentives, LLC
- Rubio's Restaurants of Nevada, Inc.

## SECRETARIAL CERTIFICATE

The undersigned, Secretary of MRRC Hold Co., a Delaware corporation (the "Company"), hereby certifies as follows:

1. I am the duly qualified and elected Secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify same on behalf of the Company.

2. Attached hereto as Exhibit A is a true and complete copy of the Resolutions of the Board of Directors (the "Board") of the Company, duly adopted at a properly convened meeting of the Board on October 25, 2020, by vote of the directors.

3. Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exist no other subsequent resolutions of the Board relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 25th day of October, 2020.

By: _/s/ Hugh Sullivan_
Name:  Hugh Sullivan
Title:  Secretary

26898635.2

## **Exhibit A**

Resolutions

*See attached.*

# RESOLUTIONS
# OF THE
# BOARD OF DIRECTORS
# OF
# MRRC HOLD CO.

Adopted October 25, 2020

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, credit market conditions, and macroeconomic conditions impacting the Company; and

**WHEREAS**, the Board has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

**NOW, THEREFORE, BE IT:**

**Commencement and Prosecution of Bankruptcy Case**

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders and other interested parties, that a voluntary petition (the "Petition") be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") commencing a case (the "Bankruptcy Case") under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that each duly appointed officer of the Company (each, an "Authorized Person" and collectively, the "Authorized Persons"), be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of the Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Authorized Person may determine; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered on behalf of the Company, to execute, acknowledge, deliver and verify and file any and all petitions, schedules, statements of affairs, lists and other papers and to take any and all related actions that such Authorized Persons may deem necessary or proper in connection with the filing of the Petition and commencement of the Bankruptcy Case; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized

Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Company; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Authorized Persons, shall be necessary, proper and desirable to prosecute to a successful completion the Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

### Retention of Professionals

**RESOLVED**, that the law firm of Ropes & Gray LLP ("Ropes & Gray") be, and hereby is, authorized, directed and empowered to represent the Company as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Ropes & Gray; and it is further

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized, directed and empowered to represent the Company as Delaware bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

**RESOLVED**, that Mackinac Partners LLC ("Mackinac") be, and hereby is, authorized, directed and empowered to provide to the Company restructuring advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any

combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of Mackinac; and it is further

**RESOLVED**, that Gower Advisers ("Gower") be, and hereby is, authorized, directed and empowered to serve as investment banker to represent and assist the Company in connection with the potential restructuring of the Company's business and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Gower; and it is further

**RESOLVED**, that B. Riley Financial, Inc. ("B. Riley") be, and hereby is, authorized, directed and empowered to serve as the Company's real estate advisor in connection with the Bankruptcy Case; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of B. Riley; and it is further

**RESOLVED**, that Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto") be, and hereby is, authorized, directed and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Bankruptcy Case; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Stretto; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

### Postpetition Financing

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to: (a) authorize, negotiate, execute and deliver a debtor-in-possession loan facility pursuant to that certain Super-Priority Debtor-in-Possession Credit Agreement (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "DIP Credit Agreement"; capitalized terms not otherwise defined herein shall have the meanings set forth in the Credit Agreement), by and among Golub Capital Markets LLC, as administrative agent (the "DIP Agent"), the lenders party thereto (the "DIP Lenders"), the Company, and certain of the Company's affiliates as loan parties thereto, in substantially the form provided to the Board; (b) negotiate, execute and deliver guaranties of the foregoing facility by the Company or certain affiliates of the Company; (c) grant security interests in favor of the DIP Agent, for the benefit of the DIP Lenders, to secure the obligations under the DIP Credit Agreement and the other loan documents executed in connection therewith; (d) negotiate the use of the cash collateral of the Company's existing secured lenders and the form of adequate protection to be granted in connection with such use; and (e) authorize, negotiate, execute and deliver the other Loan Documents and such additional agreements, instruments, and documents as may be contemplated or required by the DIP Credit Agreement upon such other terms and conditions as such Authorized Persons executing the same may consider necessary, proper or desirable, and to take such additional action and to execute and deliver each other agreement, instrument or document to be executed and delivered, in the name and on behalf of the Company, including, but not limited to, the Security Agreement and the Pledge Agreement, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and it is further

### General Resolutions

**RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any Authorized Person of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken; and it is further

**RESOLVED**, that these resolutions of the Board shall be filed with the minutes of the proceedings of the Board.