**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MRRC HOLD CO., | Case No. 20-12689 (MFW) |
| Reorganized Debtor.[1] | **Hearing Date: March 25, 2021 at 11:30 a.m. (ET)**<br>**Objection Deadline: March 3, 2021 at 4:00 p.m. (ET)** |

# SUMMARY OF FIRST MONTHLY AND FINAL APPLICATION OF HOGAN LOVELLS US LLP FOR COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD NOVEMBER 10, 2020 THROUGH DECEMBER 30, 2020

| | |
|---|---|
| Name of applicant: | Hogan Lovells US LLP ("Hogan Lovells") |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors |
| Date of retention: | Order entered December 16, 2020 Authorizing Retention of Hogan Lovells Effective as of November 10, 2020 (ECF No. 289) |
| Period for which final compensation and reimbursement is sought: | November 10, 2020 through December 30, 2020 |
| Amount of final compensation sought as actual, reasonable and necessary: | $188,662.00 |
| Amount of final reimbursement sought as actual, reasonable and necessary: | $31.20 |

This is a __monthly ___interim X__final application

[1] The last four digits of the Reorganized Debtor's federal tax identification number are 1242 and the Reorganized Debtor's mailing address is 2200 Faraday Avenue, Suite 250, Carlsbad, CA 92008. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of December 30, 2020: Rubio's Restaurants, Inc. (0303); Rubio's Restaurants of Nevada, Inc. (7609); and Rubio's Incentives, LLC (9359). [See Chapter 11 Case No. 20-12688, Docket No. 335].

**FINAL COMPENSATION BY PROFESSIONAL**
**NOVEMBER 10, 2020 THROUGH DECEMBER 30, 2020**

| Name of Professional Person | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year Admitted to the Bar. | Hourly Billing Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Kevin Carey | Partner, Joined Hogan Lovells in 2019 as a Partner. Member of Pennsylvania Bar since 1979. Areas of Expertise: Business Restructuring and Insolvency. | $1,450.00 | 21.2 | $30,740.00 |
| Christopher R. Donoho | Partner, Joined Hogan Lovells in 2007 as a Partner. Member of New York Bar since 1997. Areas of Expertise: Business Restructuring and Insolvency. | $1,450.00 | 12.4 | $17,980.00 |
| Erin Brady | Partner, Joined Hogan Lovells in 2018 as a Partner. Member of California Bar since 2001, District of Columbia Bar since 2019, and New York Bar since 2020. Areas of Expertise: Business Restructuring and Insolvency. | $1,095.00 | 69.8 | $76,431.00 |
| Philip H. Ehrlich | Counsel since 2010, Joined Hogan Lovells in 2007. Member of New York Bar since 1987. Areas of Expertise: Corporate. | $1,000.00 | 7.5 | $7,500.00 |
| John D. Beck | Counsel since 2020. Joined Hogan Lovells in 2014. Member of New York Bar since 2011 and Texas Bar since 2010. Areas of Expertise: Business Restructuring and Insolvency. | $970.00 | 19.0 | $18,430.00 |
| Alex M. Sher | Senior Associate, Joined Hogan Lovells in 2018. Member of New York Bar since 2013. Areas of Expertise: Business Restructuring and Insolvency. | $950.00 | 12.7 | $12,065.00 |

| | | | | |
|---|---|---|---|---|
| Baraka Nasari | Associate, Joined Hogan Lovells in 2019 as a Law Clerk. Member of New York Bar since 2020. Areas of Expertise: Business Restructuring and Insolvency. | $570.00 | 42.9 | $24,453.00 |
| Tracy Southwell | Paralegal | $460.00 | 0.9 | $414.00 |
| Mick Bowman | Intellectual Property Specialist | $295.00 | 2.2 | $649.00 |
| | | **TOTAL** | **188.6** | **$188,662.00** |

| | |
|---|---|
| **Grand Total** | **$188,662.00** |
| **Attorney Compensation** | **$187,599.00** |
| **Total Attorney Hours** | **185.5** |
| **Blended Attorney Rate** | **$1,011.76** |

**FINAL COMPENSATION BY PROJECT CATEGORY**
**NOVEMBER 10, 2020 THROUGH DECEMBER 30, 2020**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis and Recovery | 16.8 | $13,561.00 |
| Assumption and Rejection of Leases and Contracts | 0.5 | $285.00 |
| Budgeting (Case) | 0.7 | $766.50 |
| Business Operations | 8.1 | $9,659.00 |
| Case Administration | 10.1 | $7,809.50 |
| Committee Governance and Meetings and Communications with Creditors | 24.1 | $24,243.50 |
| Employee Benefits and Pensions | 12.3 | $13,539.50 |
| Employment and Fee Applications | 26.2 | $19,146.00 |
| Employment and Fee Application Objections | 2.4 | $1,368.00 |
| Financing and Cash Collateral | 50.7 | $50,825.00 |
| Plan and Disclosure Statement | 30.8 | $39,722.50 |
| Meetings and Communications with Debtors | 5.9 | $7,736.50 |
| **TOTAL** | **188.6** | **$188,662.00** |

**FINAL EXPENSE CATEGORY**
**NOVEMBER 10, 2020 THROUGH DECEMBER 30, 2020**

| Expense Category | Amount |
|---|---|
| Transcript | $31.20 |
| **TOTAL** | **$31.20** |

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES**
**FOR THE FINAL COMPENSATION PERIOD OF**
**NOVEMBER 10, 2020 THROUGH DECEMBER 30, 2020**

| **Category of Timekeeper** | **Blended Hourly Rate** | |
|---|---|---|
| | **Billed Firm-wide November 10, 2020 through December 30, 2020)**[2] | **Billed November 10, 2020 through December 30, 2020** |
| Partner | $942.82 | $1,209.26 |
| Counsel | $909.06 | $978.49 |
| Senior Associate | $699.04 | $950.00 |
| Associate | $542.12 | $570.00 |
| Paralegal | $313.68 | $460.00 |
| Specialist | $430.94 | $295.00 |
| Aggregated | $693.99 | $1,000.83[3] |

[2] The Blended Hourly Rates were calculated using United States based timekeepers.

[3] In the instances where there were multiple professionals per category, the Blended Hourly Rate was calculated by adding the amounts billed by the relevant professionals and dividing that by the hours worked by those professionals.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MRRC HOLD CO.,<br><br>Reorganized Debtor[4] | Chapter 11<br><br>Case No. 20-12689 (MFW) |

**BUDGET[5] FOR FIRST MONTHLY AND FINAL APPLICATION OF HOGAN LOVELLS US LLP FOR COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD NOVEMBER 10, 2020 THROUGH DECEMBER 30, 2020**

Date Retention Approved: December 16, 2020 effective as of November 10, 2020

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 50.0 | $40,000.00 |
| Asset Disposition | 0.0 | $0.00 |
| Assumption and Rejection of Leases and Contracts | 40.0 | $32,000.00 |
| Avoidance Action Analysis | 0.0 | $0.00 |
| Budgeting (Case) | 10.0 | $10,000.00 |
| Business Operations | 20.0 | $18,000.00 |
| Case Administration | 30.0 | $24,000.00 |

[4] The last four digits of the Reorganized Debtor's federal tax identification number are 1242 and the Reorganized Debtor's mailing address is 2200 Faraday Avenue, Suite 250, Carlsbad, CA 92008. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of December 30, 2020: Rubio's Restaurants, Inc. (0303); Rubio's Restaurants of Nevada, Inc. (7609); and Rubio's Incentives, LLC (9359). [See Chapter 11 Case No. 20-12688, ECF No. 335].

5 The Estimated Fees are calculated by multiplying the Estimated Hours by a corresponding blended hourly rate for each task code.

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Claims Administration and Objections | 0.0 | $0.00 |
| Committee Governance and Meetings and Communications with Creditors | 50.0 | $50,000.00 |
| Employee Benefits and Pensions | 50.0 | $50,000.00 |
| Employment and Fee Applications | 40.0 | $30,000.00 |
| Employment and Fee Application Objections | 20.0 | $16,000.00 |
| Financing and Cash Collateral | 100.0 | $100,000.00 |
| Litigation and Contested Matters | 50 | $40,000.00 |
| Non-Working Travel | 0.0 | $0.00 |
| Plan and Disclosure Statement | 200.0 | $200,000.00 |
| Relief from Stay and Adequate Protection | 10.0 | $8,000.00 |
| Reporting | 0.0 | $0.0 |
| Tax | 0.0 | $0.0 |
| Valuation | 20.0 | $20,000.00 |
| Lender Lien Analysis and Actions | 0.0 | $0.00 |
| Real Estate | 0.0 | $0.00 |
| Meetings and Communications with Debtors | 30.0 | $40,000.00 |
| **TOTAL** | **720.0** | **$678,000.00** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MRRC HOLD CO.,<br><br>Reorganized Debtor.[1] | Chapter 11<br><br>Case No. 20-12689 (MFW) |

**STAFFING PLAN FOR FIRST MONTHLY AND FINAL APPLICATION OF HOGAN LOVELLS US LLP FOR COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD NOVEMBER 10, 2020 THROUGH DECEMBER 30, 2020**

Date Retention Approved: December 16, 2020 effective as of November 10, 2020

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|
| Partners | 3 | $1,350.00 |
| Counsel | 2 | $985.00 |
| Associates | 2 | $760.00 |
| Paraprofessionals | 1 | $460.00 |

[1] The last four digits of the Reorganized Debtor's federal tax identification number are 1242 and the Reorganized Debtor's mailing address is 2200 Faraday Avenue, Suite 250, Carlsbad, CA 92008. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of December 30, 2020: Rubio's Restaurants, Inc. (0303); Rubio's Restaurants of Nevada, Inc. (7609); and Rubio's Incentives, LLC (9359). [See Chapter 11 Case No. 20-12688, Docket No. 335].

**SUMMARY OF FEES AND HOURS**
**BUDGETED COMPARED TO FEES AND HOURS BILLED**

| PROJECT CATEGORY | Budgeted Hours | Billed Hours | Budgeted Fees | Billed Fees |
|---|---|---|---|---|
| Asset Analysis and Recovery | 50.0 | 16.8 | $40,000.00 | $13,561.00 |
| Asset Disposition | 0.0 | 0.0 | $0.00 | $0.00 |
| Assumption and Rejection of Leases and Contracts | 40.0 | 0.5 | $32,000.00 | $285.00 |
| Avoidance Action Analysis | 0.0 | 0.0 | $0.00 | $0.00 |
| Budgeting (Case) | 10.0 | 0.7 | $10,000.00 | $766.50 |
| Business Operations | 20.0 | 8.1 | $18,000.00 | $9,659.00 |
| Case Administration | 30.0 | 10.1 | $24,000.00 | $7,809.50 |
| Claims Administration and Objections | 0.0 | 0.0 | $0.00 | $0.00 |
| Committee Governance and Meetings and Communications with Creditors | 50.0 | 24.1 | $50,000.00 | $24,243.50 |
| Employee Benefits and Pensions | 50.0 | 12.3 | $50,000.00 | $13,539.50 |
| Employment and Fee Applications | 40.0 | 26.2 | $30,000.00 | $19,146.00 |
| Employment and Fee Application Objections | 20.0 | 2.4 | $16,000.00 | $1,368.00 |
| Financing and Cash Collateral | 100.0 | 50.7 | $100,000.00 | $50,825.00 |
| Litigation and Contested Matters | 50.0 | 0.0 | $40,000 | $0.00 |
| Non-Working Travel | 0.0 | 0.0 | $0.00 | $0.00 |
| Plan and Disclosure Statement | 200.0 | 30.8 | $200,000.00 | $39,722.50 |
| Relief from Stay and Adequate Protection | 10.0 | 0.0 | $8,000 | $0.00 |
| Reporting | 0.0 | 0.0 | $0.00 | $0.00 |
| Tax | 0.0 | 0.0 | $0.00 | $0.00 |

| PROJECT CATEGORY | Budgeted Hours | Billed Hours | Budgeted Fees | Billed Fees |
|---|---|---|---|---|
| Valuation | 20.0 | 0.0 | $20,000 | $0.00 |
| Lender Lien Analysis and Actions | 0.0 | 0.0 | $0.00 | $0.00 |
| Real Estate | 0.0 | 0.0 | $0.00 | $0.00 |
| Meetings and Communications with Debtors | 30.0 | 5.9 | $40,000.00 | $7,736.50 |
| **TOTAL** | **720.0** | **188.6** | **$678,000.00** | **$188,662.00** |

**ADDITIONAL INFORMATION RELATED**
**TO FINAL FEE APPLICATION**

| | |
|---|---|
| Are Rates in Final Fee Application Higher than those Approved or Disclosed at Retention? | No. |
| Total Compensation Requested: | $188,662.00 (fees)<br>$31.20 (expenses) |
| Compensation Sought in this Final Application Approved to Date Pursuant to the Interim Compensation Order: | $0.00 (fees)<br>$0.00 (expenses) |
| Compensation Sought in this Final Application Already Paid Pursuant to the Interim Compensation Order: | $0.00 (fees)<br>$0.00 (expenses) |
| Compensation Sought in this Final Application Not Yet Paid: | $188,662.00 (fees)<br>$31.20 (expenses) |
| Number of Professionals Included in this Final Application: | 9 |
| If Applicable, Number of Professionals in this Final Application Not Included in Staffing Plan Approved by Client: | 1[1] |
| If Applicable, Difference Between Fees Budgeted and Fees Incurred for the Final Compensation Period: | $489,338.00 |

[1] One paraprofessional not included in the Staffing Plan was utilized to perform discrete tasks relating to the Committee's perfection analysis.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MRRC HOLD CO.,<br><br>Reorganized Debtor.[1] | Chapter 11<br><br>Case No. 20-12689 (MFW)<br><br>**Hearing Date: March 25, 2021 at 11:30 a.m. (ET)**<br>**Objection Deadline: March 3, 2021 at 4:00 p.m. (ET)** |

**FIRST MONTHLY AND FINAL APPLICATION OF HOGAN LOVELLS US LLP FOR COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD NOVEMBER 10, 2020 THROUGH DECEMBER 30, 2020**

Pursuant to Sections 330 and 331 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals, and (II) Granting Related Relief* [ECF No. 162] (the "Administrative Order"), Hogan Lovells US LLP ("Hogan Lovells ") hereby files this *First Monthly and Final Application of Hogan Lovells US LLP for Compensation for Services Rendered and for Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period November 10, 2020 Through December 30, 2020* (the "Application"). By the Application, Hogan Lovells

[1] The last four digits of the Reorganized Debtor's federal tax identification number are 1242 and the Reorganized Debtor's mailing address is 2200 Faraday Avenue, Suite 250, Carlsbad, CA 92008. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of December 30, 2020: Rubio's Restaurants, Inc. (0303); Rubio's Restaurants of Nevada, Inc. (7609); and Rubio's Incentives, LLC (9359). [See Chapter 11 Case No. 20-12688, Docket No. 335].

seeks a final allowance pursuant to the Administrative Order with respect to the sums of $188,662.00 as compensation and $31.20 for reimbursement of actual and necessary expenses, for a total of $188,693.20 for the period November 10, 2020 through December 30, 2020 (the "Final Compensation Period"). In support of this Application, Hogan Lovells respectfully represents as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On October 26, 2020 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions with the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of the Bankruptcy Code. On October 27, 2020, this Court entered an order directing joint administration of the Debtors' chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [ECF No. 49]. No trustee or examiner has been appointed in these chapter 11 cases.

3. On November 9, 2020, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"), consisting of the following three members: (i) CAPREF Paseo, LLC; (ii) C21, LLC; and (iii) Regency Centers, L.P. [ECF No. 105].

4. On December 12, 2020, the Court entered an order confirming the Debtors' plan of reorganization [ECF No. 307]. The effective date of the plan occurred on December 30, 2020 [ECF No. 329]. The Committee's professionals have agreed to cap their requested compensation and reimbursement at $400,000, as contemplated in Section 2.3 of the plan. Pursuant to the order

confirming the plan of reorganization, the Application must be filed no later than the first business day that is 45 days after the effective date.

**HOGAN LOVELLS' RETENTION**

5. On November 10, 2020, the Committee selected Hogan Lovells US LLP and Potter Anderson as its proposed co-counsel in these chapter 11 cases. On November 11, 2020 the Committee selected Emerald Capital Advisors as its proposed financial advisor in these chapter 11 cases.

6. On December 16, 2020, the Court entered the *Order Authorizing Retention of Hogan Lovells LLP as Counsel to the Committee, Effective as of November 10, 2020* [ECF No. 289].

**COMPENSATION PAID AND ITS SOURCE**

2. All services for which compensation are requested by Hogan Lovells were performed for or on behalf of the Committee. To date, Hogan Lovells has not received any compensation for its services performed on the Committee's behalf.

3. Hogan Lovells has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Hogan Lovells and any other person other than the partners of Hogan Lovells for the sharing of compensation to be received for services rendered in these cases.

**FEE STATEMENT**

4. The fee statement for the Final Compensation Period is attached hereto as **Exhibit B**. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for the Final Compensation Period. To the best of Hogan Lovells' knowledge, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the

applicable Bankruptcy Rules, Local Rule 2016-2, applicable Third Circuit law and the Administrative Order.

## ACTUAL AND NECESSARY EXPENSES

5. A summary of actual and necessary expenses and daily logs of expenses incurred by Hogan Lovells during the Final Compensation Period is attached hereto as **Exhibit C**. Hogan Lovells paid the necessary rates to secure transcripts needed to accurately and properly perform its role as counsel to the Committee.

6. Hogan Lovells believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## SUMMARY OF SERVICES RENDERED

7. The Hogan Lovells attorneys who have rendered professional services in these cases are as follows: Kevin Carey, Christopher R. Donoho, Erin Brady, Philip H. Ehrlich, John D. Beck, Alex M. Sher, and Baraka Nasari. The paraprofessionals who have provided services to these attorneys in these cases are as follows: Tracy Southwell and Mick Bowman.

8. The above listed attorneys and paraprofessionals have expended a total of 188.60 hours in connection with this matter during the Final Compensation Period, as follows:

| ATTORNEYS | HOURS | HOURLY RATE |
|---|---|---|
| Kevin Carey | 21.2 | $1,450.00 |
| Christopher R. Donoho | 12.4 | $1,450.00 |
| Erin Brady | 69.8 | $1,095.00 |
| Philip H. Ehrlich | 7.5 | $1,000.00 |
| John D. Beck | 19.0 | $970.00 |
| Alex M. Sher | 12.7 | $950.00 |
| Baraka Nasari | 42.9 | $570.00 |

| PARAPROFESSIONALS | HOURS | HOURLY RATE |
|---|---|---|
| Tracy Southwell | 0.9 | $460.00 |
| Mick Bowman | 2.2 | $295.00 |

9. Hogan Lovells rendered services to the Committee for each of the below-described categories that were both necessary and beneficial. Hogan Lovells' professionals and paraprofessionals performed work and billed time for each category as discussed generally below.

**Asset Analysis and Recovery (Task Code 01)**

Fees: $13,561.00; Total Hours: 16.8

10. Hogan Lovells conducted a perfection analysis with respect to the Debtors' prepetition secured loans, including conducting and reviewing UCC and trademark searches, analyzing various perfection issues and analyzing issues relating to preference and other avoidance actions.

**Assumption and Rejection of Leases and Contracts (Task Code 02)**

Fees: $285.00; Total Hours: 0.5

11. Hogan Lovells reviewed the notice of assumption of executory contracts and responded to creditor inquiries regarding the same.

**Budgeting (Case) (Task Code 05)**

Fees: $766.50; Total Hours: 0.7

12. Hogan Lovells engaged in review and discussions regarding the Committee's professional fees in relation to the proposed plan settlement with the Debtors.

**Business Operations (Task Code 06)**

Fees: $9,659.00; Total Hours: 8.1

13. Hogan Lovells conducted analyses and strategy discussions with the Committee's other professional advisors regarding the first day pleadings. Hogan Lovells was also involved in

discussions regarding diligence being performed with respect to the Debtors' operations and proposed projections.

**Case Administration (Task Code 07)**

Fees: $7,809.50; Total Hours: 10.1

14. Hogan Lovells coordinated internally and with the Committee's other professional advisors regarding case administration, including hearing dates, pending and anticipated matters, and case deadlines. Hogan Lovells also attended to administrative tasks such as reviewing hearing agendas and ordering hearing transcripts. Hogan Lovells attorneys endeavored to minimize such administration matters while at the same time ensuring that all of the Committee's various activities were performed in the most expeditious and informative manner possible.

**Committee Governance and Meetings and Communications with Creditors (Task Code 09)**

Fees: $24,243.50; Total Hours: 24.1

15. During the Application Period, Hogan Lovells conducted regular meetings with the Committee via video conference (the "Committee Meetings"). During Committee Meetings, Hogan Lovells attorneys discussed key issues with the Committee. Prior to such meetings, Hogan Lovells attorneys reviewed pending matters requiring the Committee's attention and the underlying documentation and coordinated advice with the Committee's other professional advisors. In between Committee meetings, Hogan Lovells, in coordination with Potter Anderson, communicated with and updated the Committee with respect to matters that were pending or new events that arose and could not wait for the next Committee Meeting. Thereafter, Hogan Lovells discussed each of these matters with the Committee, as well as (where appropriate) individual Committee members on separate occasions.

**Employment Benefits and Pensions (Task Code 10)**

Fees: $13,539.50; Total Hours: 12.3

16. During the Application Period, Hogan Lovells reviewed the terms of, and drafted an objection to, the Debtors' proposed and key employee incentive plan (the "KEIP"). Hogan Lovells also engaged in discussions with the Committee's financial advisors, as well as the Debtors' financial advisors, regarding the proposed KERP and KEIP. Ultimately, the Committee consented to the proposed KERP, and its concerns with respect to the KEIP were resolved consensually.

**Employment and Fee Applications (Task Code 11)**

Fees: $19,146.00; Total Hours: 26.2

17. Hogan Lovells prepared and engaged in discussions internally and with the Committee's other professional advisors regarding its retention application and related declarations. Hogan Lovells also prepared and organized tasks codes for tracking purposes.

**Employment and Fee Application Objections (Task Code 12)**

Fees: $1,368.00; Total Hours: 2.4

18. Hogan Lovells coordinated with the Committee's professionals, analyzed and advised the Committee with respect to a potential objection by the Debtors to the Committee's proposed financial advisor's engagement.

**Financing and Cash Collateral (Task Code 13)**

Fees: $50,825.00; Total Hours: 50.7

19. Hogan Lovells reviewed and analyzed the Debtors' proposed debtor-in-possession financing facility (the "DIP") and prepared an objection on behalf of the Committee to the same. In doing so, Hogan Lovells conducted factual and legal research with respect to various aspects of the Debtors proposed DIP and engaged in numerous discussions with both the Committee's financial advisors and the Debtors' legal and financial advisors. Hogan Lovells was also heavily involved in discussions with the Debtors regarding the revised DIP order, and participated on the Committee's behalf at the final DIP hearing.

**Plan and Disclosure Statement (Task Code 16)**

Fees: $39,722.50; Total Hours: 30.8

20. Hogan Lovells participated in numerous discussions and settlement negotiations relating to the Debtors' proposed plan. As settlement discussions progressed, Hogan Lovells reviewed, analyzed and responded to numerous revisions to the proposed plan documents. Hogan Lovells also worked with the Committee's financial advisors to undertake diligence assessing both the plan's feasibility and its likely resultant distributions to unsecured creditors.

**Meetings and Communications with Debtors (Task Code 23)**

Fees: $7,736.50; Total Hours: 5.9

21. Hogan Lovells had numerous communications and conferences with the Debtors and their professional advisors on a variety of topics, including settlement negotiations and proposals, diligence, scheduling and first day motions.

22. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Hogan Lovells is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services and (e) the costs of comparable services other than in a case under this title. Moreover, Hogan Lovells has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Rule.

**CONCLUSION**

WHEREFORE, Hogan Lovells respectfully requests that this Court: (i) allow Hogan Lovells (a) final compensation in the amount of $188,662.00 for actual, reasonable, and necessary services rendered to or on behalf of the Committee during the Final Application Period, and (b) final reimbursement of $31.20 for actual, reasonable, and necessary expenses incurred during the Final Application Period; and (ii) grant such other further relief as the Court deems just and proper.

Dated: February 16, 2021
Los Angeles, California

Respectfully submitted,

*/s/ Erin N. Brady*
**HOGAN LOVELLS US LLP**

Erin N. Brady, Esq.
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
Email: erin.brady@hoganlovells.com

– and –
Christopher R. Donoho III, Esq.
John D. Beck, Esq.
Baraka Nasari, Esq.
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: chris.donoho@hoganlovells.com
john.beck@hoganlovells.com
baraka.nasari@hoganlovells.com

– and –

Kevin J. Carey, Esq.
1735 Market Street, Floor 23
Philadelphia, Pennsylvania 19103
Telephone: (267) 675-4600
Facsimile: (267) 675-4601
Email: kevin.carey@hoganlovells.com

*Counsel for Official Committee for Unsecured Creditors*