**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MRRC HOLD CO.,<br><br>Reorganized Debtor.[1] | Chapter 11<br><br>Case No. 20-12689 (MFW)<br><br>**Hearing Date: May 11, 2021 at 10:30 a.m. (ET)**<br>**Objection Deadline: May 4, 2021 at 4:00 p.m. (ET)** |

**MOTION OF GENERAL UNSECURED CLAIMS ADMINISTRATOR TO CLARIFY AND CONFIRM TERMS OF ENGAGEMENT**

Scott Cousins, in his capacity as General Unsecured Claims Administrator (the "GUC Administrator"), as appointed in connection with the *Finding of Fact, Conclusions of Law, and Order (I) Approving the Adequacy of the Disclosure Statement and (II) Confirming the Second Amended Joint Prepackaged Chapter 11 Plan of Reorganization of Rubio's Restaurants, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 307] (the "Confirmation Order") and the *Second Amended Joint Prepackaged Plan of Reorganization of Rubio's Restaurants, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 307-1] (the "Plan")[2], by and through his undersigned counsel, hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), clarifying and confirming certain of the terms of the GUC

[1] The last four digits of the Reorganized Debtor's federal tax identification number are 1242 and the Reorganized Debtor's mailing address is 2200 Faraday Avenue, Suite 250, Carlsbad, CA 92008. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of December 30, 2020: Rubio's Restaurants, Inc. (0303); Rubio's Restaurants of Nevada, Inc. (7609); and Rubio's Incentives, LLC (9359). [*See* Chapter 11 Case No. 20-12688, Docket No. 335].

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them by the Plan or the Confirmation Order, as applicable.

Administrator's engagement as set forth herein. In support hereof, the GUC Administrator respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Although the Confirmation Order and Plan describe in detail the GUC Administrator's responsibilities, certain of the terms of the GUC Administrator's engagement are not included, described, or approved by the Court. For example, while agreed to by the parties prior to the Confirmation Hearing, the Confirmation Order and Plan do not explicitly provide for the GUC Administrator's compensation, as would typically be described in a Plan Supplement or a liquidating trust agreement for liquidating trustees. Moreover, the Confirmation Order and Plan do not provide for customary indemnification language on behalf of the GUC Administrator. Accordingly, the GUC Administrator respectfully requests entry of the Proposed Order, clarifying and confirming these terms of the GUC Administrator's engagement. This Motion has been circulated to the Reorganized Debtor and Office of the United States Trustee (the "U.S. Trustee") who do not object to entry of the proposed form of order submitted herewith.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the GUC Administrator confirms his consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested herein is 11 U.S.C. § 105(a).

## RELIEF REQUESTED

5. By this Motion, the GUC Administrator requests entry of the Proposed Order (i) confirming the GUC Administrator's monthly compensation of $5,000 per month as of the Effective Date, and (ii) establishing the GUC Administrator's and its professionals' (the "Indemnified Parties") indemnification to the fullest extent authorized by Delaware law solely from the Claims Cash Pool Account, in connection with their services provided as described in the Plan.

## BACKGROUND

6. On October 26, 2020 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

7. On December 22, 2020, the Court entered the Confirmation Order confirming the Plan. The Effective Date of the Plan occurred on December 30, 2020.

8. Plan Article 1.1.66 and 4.11(b) establishes the GUC Administrator as distribution agent for Allowed General Unsecured Claims under the Plan. The GUC Administrator is also tasked with objecting to or settling Disputed General Unsecured Claims upon five (5) business days' notice to the Debtors and Reorganized Debtors and without further notice to or action, order or approval by the Bankruptcy Court. *See* Plan Art. 3.7 & 7.2(a). Additionally, "any fees, expenses, or costs incurred by the General Unsecured Claims Administrator in connection with the foregoing, including professional fees or expenses, shall be paid exclusively from the Claims

Cash Pool Account, and the General Unsecured Claims Administrator shall have no entitlement to payment from the Reorganized Debtors." Plan Art. 7.2(a).

9. Pursuant to paragraph 8 of the Confirmation Order, Scott Cousins was appointed as the GUC Administrator. However, the Confirmation Order and Plan (or the Plan Supplement) do not explicitly confirm the compensation for the GUC Administrator's services in the amount of $5,000 per month as of the Effective Date, as previously agreed to by the parties. Moreover, the Confirmation Order and Plan do not provide for customary indemnification for the GUC Administrator on account of his services and responsibilities as described in the Plan.

10. The GUC Administrator has confirmed that the Reorganized Debtors and the U.S. Trustee do not oppose the entry of the proposed form of order submitted herewith.

**BASIS FOR RELIEF**

11. Bankruptcy Code section 105(a) states that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." While the Confirmation Order and Plan appoint Scott Cousins as GUC Administrator and define his (and his professionals') role in these cases, the GUC Administrator's compensation and customary and standard indemnification were inadvertently excluded from the approved Confirmation Order and Plan. The Plan provides for general authority to seek payment of any fees, expenses, or costs incurred by the General Unsecured Claims Administrator in connection with his duties and responsibilities, including his professionals' fees and expenses, exclusively from the Claims Cash Pool Account. *See, e.g.*, Plan Art. 7.2(a). It does not, however, set his monthly compensation or provide for any indemnification of liability on account of his duties in these cases. Indeed, the GUC Administrator plays a crucial role under the Plan, undertaking claims reconciliation, providing distributions on behalf of Allowed General Unsecured Claims, and acting as a fiduciary with respect to all General Unsecured Creditors. As such, it is both

necessary and appropriate that the Court confirm the GUC Administrator's compensation and standard indemnification.[3] Furthermore, providing indemnification for a post-confirmation fiduciary is standard and customary. *See, e.g.*, *In re TP Remainco, LLC*, 20-11049 (LSS) (Bankr. D. Del. 2020) [Docket No. 554] at ¶ 6.4; *In re VL Wind Down Inc.*, 19-12670 (JTD) (Bankr. D. Del. 2020) [Docket No. 557] at ¶ 6.4.

12. Accordingly, in an abundance of caution, the GUC Administrator seeks entry of the Proposed Order clarifying and confirming its compensation and indemnification as described herein.

## **NO PRIOR REQUEST**

13. No previous motion for the relief sought herein has been made by the GUC Administrator to this Court or any other court.

## **NOTICE**

14. The GUC Administrator has provided notice of this Motion to: (i) the U.S. Trustee; (ii) the Reorganized Debtor; and (iii) all parties who have requested notice in this chapter 11 case pursuant to Local Rule 2002-1. In light of the nature of the relief requested herein, the GUC Administrator submits that no other or further notice is necessary.

## **CONCLUSION**

WHEREFORE the GUC Administrator respectfully requests that this Court enter the Proposed Order, substantially in the form hereto as **Exhibit A,** granting the relief requested herein and such other and further relief as may be just and proper.

---

[3] The requested indemnification in the Proposed Order contains standard exclusions for gross negligence, willful misconduct, fraud, bad faith, self-dealing and breaches of the duty of loyalty by any such Indemnified Party.

Dated: April 27, 2021
Wilmington, Delaware

Respectfully submitted,

*/s/ Aaron H. Stulman*
Christopher M. Samis (No. 4909)
Aaron H. Stulman (No. 5807)
POTTER ANDERSON & CORROON LLP
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801-3700
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: csamis@potteranderson.com
astulman@potteranderson.com

*Counsel to the GUC Administrator*