# **<u>EXHIBIT A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>    MRCC HOLD CO.,<br><br>                Reorganized Debtor.[1] | Chapter 11<br><br>Case No. 20-12689 (MFW)<br><br>**RE: D.I. 123** |

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the motion (the "Motion") filed by Janice Richard seeking relief from the automatic stay, the Court makes the following findings. Due and sufficient notice of the Motion was given under the particular circumstances. The Court has subject matter jurisdiction to consider the Motion and the relief requested therein in accordance with 28 § U.S.C. 157(b) and 1334. Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The automatic stay and, to the extent applicable, the injunction provision of the *Second Amended Joint Prepackaged Plan of Reorganization of Rubio's Restaurants, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 278] (as confirmed and with all exhibits thereto, the "Plan"), is lifted for the sole purpose of permitting the Movant to prosecute her claims against the reorganized debtor (the "Reorganized Debtor") for personal injury

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number are 1242 and the Reorganized Debtor's mailing address is 2200 Faraday Avenue, Suite 250, Carlsbad, CA 92008. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of December 30, 2020: Rubio's Restaurants, Inc. (0303); Rubio's Restaurants of Nevada, Inc. (7609); and Rubio's Incentives, LLC (9359). [See Chapter 11 Case No. 20-12688, Docket No. 335].

28275061.2

related claims to judgment and to satisfy any award or other resolution they may obtain against the Reorganized Debtor solely from the proceeds of applicable insurance coverage (the "Insurance Proceeds"), if any, available to the Reorganized Debtor under insurance policies applicable to the Movant's claims (each, an "Insurance Policy" and collectively, the "Insurance Policies"). For the avoidance of doubt, Movant may enforce any settlement or award solely against the Insurance Proceeds.

3. Movant waives the right to seek satisfaction of, and shall be permanently enjoined from seeking payment of, any judgment, award, settlement, claim, distribution, or any other payment amount resulting from or in connection with Movant's alleged claim or on account of any other alleged claims against Reorganized Debtor or its estate, including, without limitation, seeking payment of any judgment, award, settlement, claim or any other payment from the Reorganized Debtor or its estate in the event insurance coverage is denied under an applicable Insurance Policy by the respective insurers or underwriters or is otherwise not applicable to Movant's claim(s).

4. Except as otherwise set forth herein, nothing in this Order shall impair, modify, limit, or expand the rights and duties of (i) the Movant or (ii) the Reorganized Debtor, including, without limitation, the Reorganized Debtor's rights or obligations, if any, under any applicable Insurance Policy, including any obligations of the Reorganized Debtor to satisfy any amounts due and owing under any applicable Insurance Policy.

5. The automatic stay and the injunction established under the Plan shall otherwise remain in full effect.

6. Nothing herein is intended or shall be deemed to be a stipulation, agreement, warranty, or admission by Reorganized Debtor or its estate that (i) the Reorganized Debtor or its

28275061.2

2

estate is liable to Movant for any amounts or (ii) any causes of action, claims, or damages alleged by Movant are covered in whole or in part under any of the Insurance Policies. For the avoidance of doubt, nothing herein is intended or shall be deemed to alter in any way the rights, duties, obligations, terms, conditions, or provisions under any Insurance Policy.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.