**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MRRC HOLD CO.,<br><br>Reorganized Debtor.[1] | Chapter 11<br><br>Case No. 20-12689 (MFW)<br><br>**Hearing Date:**<br>**December 27, 2021 at 10:00 a.m. (ET)**<br><br>**Objection Deadline:**<br>**December 20, 2021 at 4:00 p.m. (ET)** |

**REORGANIZED DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE AND ORDER CLOSING THE REORGANIZED DEBTOR'S CHAPTER 11 CASE AND TERMINATING ALL CLAIMS AND NOTICING SERVICES**

The above-captioned reorganized debtor (the "Reorganized Debtor" and, with its affiliated debtors and debtors in possession before the effective date of the chapter 11 plan confirmed by this Court, the "Debtors"), hereby submits this motion (this "Motion") for the entry of a final decree granting the relief described below. In support of this Motion, the Reorganized Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Reorganized Debtor confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court,

[1] The last four digits of the Reorganized Debtor's federal tax identification number are 1242 and the Reorganized Debtor's mailing address is 2200 Faraday Avenue, Suite 250, Carlsbad, CA 92008. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of December 30, 2020: Rubio's Restaurants, Inc. (0303); Rubio's Restaurants of Nevada, Inc. (7609); and Rubio's Incentives, LLC (9359). [*See* Chapter 11 Case No. 20-12688, Docket No. 335].

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## RELIEF REQUESTED

4. By this Motion, the Reorganized Debtor seeks entry of a final decree, substantially in the form attached hereto as Exhibit B (the "Proposed Final Decree"), closing the Reorganized Debtor's chapter 11 case and terminating all claims and noticing services in connection with the chapter 11 case (the "Claims and Noticing Services") of Bankruptcy Management Solutions, Inc. (d/b/a Stretto) ("Stretto"). In connection with the entry of the Proposed Final Decree, the Reorganized Debtor is also requesting termination of the Claims and Noticing Services.

## BACKGROUND

### A. General Background

5. On October 26, 2020 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. From the Petition Date through the effective date of the *Second Amended Joint Prepackaged Plan of Reorganization of Rubio's Restaurants, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as confirmed and with all exhibits thereto, the "Plan") [Docket No. 278], each Debtor operated

its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On December 22, 2020, the Court entered the Confirmation Order confirming the Plan.[2] The Effective Date of the Plan was December 30, 2020.

7. Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of the Debtors' chapter 11 cases, is set forth in detail in the *Declaration of Melissa S. Kibler, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 2], filed on the Petition Date.

8. As of the Effective Date, all Assets of the Debtors, including all Claims, rights, and Causes of Action, and any property acquired by the Debtors in connection with the Plan, vested in each respective Reorganized Debtor free and clear of all Claims, Liens, charges, other encumbrances, and interests. Subject to the terms of the Plan, on and after the Effective Date, the Reorganized Debtors were authorized to operate their businesses and use, acquire, and dispose of property and prosecute, compromise, or settle any Claims (including any Administrative Claims), Equity Interests, and Causes of Action, without supervision of or approval by the Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code and Bankruptcy Rules. Plan § 4.6; Plan Art. 7.

9. The Plan provides for the appointment of the GUC Administrator on the Effective Date, and the Confirmation Order provides that Scott Cousins shall be the GUC Administrator. Confirmation Order ¶ 8. Pursuant to Section 7.2 of the Plan and paragraphs 51-53 of the

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them by the Plan or the Confirmation Order, as applicable.

Confirmation Order, the Reorganized Debtor is authorized to object to any and all claims (other than General Unsecured Claims) that have not previously been allowed, and the GUC Administrator is authorized to object to any and all General Unsecured Claims that have not previously been allowed, upon five (5) business days' notice to the Reorganized Debtor. *See also* Plan § 3.7.

10. On January 4, 2021, the Court entered an order [Docket No. 335] closing all of the Debtors' chapter 11 cases other than the chapter 11 case of MRRC Hold Co., which was left open to administer the remaining work and claims reconciliation process in the Debtors' chapter 11 cases.

**B. Claims and Noticing Services**

11. On October 27, 2020, the Court entered an order appointing Stretto as the claims and noticing agent in the chapter 11 case [Docket No. 50] (the "Stretto Retention Order"). Pursuant to the Stretto Retention Order, Stretto is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, among other things, information regarding the name and address of each claimant, the date the proof of claim was received by Stretto, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

**C. Contested Matters**

12. Upon information and belief, and in consultation with the GUC Administrator, the Reorganized Debtor believes that there are no contested matters that need to be addressed before or at the hearing at which this Motion is currently scheduled to be heard (the "December Hearing"), and the chapter 11 case can be fully administered.

## BASIS FOR RELIEF

### A. Entry of a Final Decree and Order Closing the Chapter 11 Case

13. Section 350(a) of the Bankruptcy Code provides: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 provides: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." In addition, Local Rule 3022-1(a) provides:

> Upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid. Such motion shall include a proposed final decree order that (i) orders the closing of the case and (ii) identifies in the caption and in the body of the order the case name and the case number of each case to be closed under the order.

14. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules or the Local Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

a. whether the order confirming the plan has become final;

b. whether deposits required by the plan have been distributed;

c. whether the property proposed by the plan to be transferred has been transferred;

d. whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan;

e. whether payments under the plan have commenced; and

f. whether all motions, contested matters and adversary proceedings have been finally resolved.

15. Courts in this district and others consider these factors as a guide in determining whether a case has been fully administered. See In re SLI, Inc., No. 02-12608, 2005 WL 1668396,

at *2 (Bankr. D. Del. June 24, 2005); see also In re JCP Props., Ltd., 540 B.R. 596, 606 (Bankr. S.D. Tex. 2015) (internal quotations and citations omitted) (observing that factors (3)-(5) correspond "to whether substantial consummation of the chapter 11 plan has been achieved); In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc., 238 B.R. 531, 541-42 (Bankr. E.D.N.Y. 1999). "[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree." Walnut Assocs. v. Saidel, 164 B.R 487, 493 (E.D. Pa. 1994) (citing In re Mold Makers, Inc., 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)).

16. As of the December Hearing, the chapter 11 case will be "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree and order closing the case. In particular:

a. the Confirmation Order has become final and is non-appealable;

b. the Effective Date has occurred;

c. there are no pending motions, contested matters or adversary proceedings in the chapter 11 case;

d. all proofs of claim filed in the chapter 11 case have been, or will be, reconciled and, to the extent necessary, modified or disallowed;

e. all allowed administrative expenses, including all fees due and owing to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") pursuant to 28 U.S.C. § 1930 prior to the date hereof have been paid, and in the case of any U.S. Trustee fees that will be due and owing for the fourth quarter of 2021, such fees will be paid in accordance with the Proposed Final Decree;

f. all distributions to Holders of Allowed Claims required to be made under the Plan have been or will be made no later than the December Hearing; and

g. the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

17. Moreover, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory

Comm. Note (1991). Furthermore, the entry of a final decree closing the chapter 11 case will (a) be without prejudice to creditors' rights to petition the Court to reopen the chapter 11 case pursuant to section 350(b) of the Bankruptcy Code and (b) stop the accrual of unnecessary administrative expenses.

**B. Termination of Claims and Noticing Agent**

18. The Reorganized Debtor also requests entry of an order terminating the Claims and Noticing Services. Upon termination of the Claims and Noticing Services, and except as otherwise provided in the Proposed Final Decree and in the Local Rules, Stretto shall have no further obligations under the Stretto Retention Order to the Court, the Reorganized Debtor, or any other party in interest with respect to such services.

19. Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of entry of the Proposed Final Decree, Stretto shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a final claims register for this chapter 11 case. Stretto shall also box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

20. Should Stretto receive any mail regarding the chapter 11 case after entry of the Proposed Final Decree, Stretto shall collect and forward such mail no less frequently than monthly to the Reorganized Debtor.

21. The Reorganized Debtor submits that its request to terminate the Claims and Noticing Services on the terms described in this Motion and provided for in the Proposed Final

Decree complies with the Local Rules, is otherwise appropriate under the circumstances, and should therefore be approved.

## FINAL REPORT

22. The final report required by Local Rule 3022-1(c) is attached hereto as Exhibit A.

## NOTICE

23. The Reorganized Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; and (b) all parties who requested notice in the chapter 11 case pursuant to Local Rule 2002-1. In light of the nature of the relief requested herein, the Reorganized Debtor submits that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Reorganized Debtor respectfully requests that the Court enter the Proposed Final Decree granting the relief requested herein, and such other and further relief as the Court deems appropriate.

Dated: December 6, 2021
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Betsy L. Feldman*

M. Blake Cleary (No. 3614)
Edmon L. Morton (No. 3856)
Ryan M. Bartley (No. 4985)
Betsy L. Feldman (No. 6410)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mbcleary@ycst.com
emorton@ycst.com
rbartley@ycst.com
bfeldman@ycst.com

*Counsel to the Reorganized Debtor*